THE BON AMI COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 84557.   Promulgated April 25, 1939.

*Charles H. Buckley, Esq.,* and *George Link, Jr., Esq.,* for the petitioner.

*C. C. Holmes, Esq.,* for the respondent.

### OPINION.

MURDOCK: The Commissioner determined a deficiency cf $7,108.39 in the income tax of the Bon Ami Co. for the calendar year 1933. The facts were stipulated and are found as stipulated.

The petitioner, a domestic corporation, owned all of the stock of Bon Ami, Limited, of Canada, a foreign corporation. The domestic corporation received from its foreign subsidiary in 1933 a dividend (not deductible under section 23 (p) of the Revenue Act of 1932). The amount of the dividend in Canadian dollars was $750,000. The petitioner included in its gross income for 1933 $624,375, which was the amount of the dividend reduced to American dollars at the rate of exchange prevailing at the date of its declaration. The use of that rate of exchange and the resulting figure is not questioned by the respondent. The dividend was paid from accumulated earnings of the foreign corporation for the years 1926 to 1932, inclusive. The foreign subsidiary had paid income taxes to Canada for the years 1926 through 1932 based upon its earnings for those years. The parties agree that the petitioner is entitled to a credit under section 131 of the Revenue Act of 1932 for taxes paid to a foreign country, Canada. The sole issue for decision is whether the amount of the credit should be computed by applying to the payments the rate of exchange at the date the dividend was declared, as the respondent contends, or by applying the rates of exchange prevailing at the times when the taxes were actually paid by the foreign subsidiary, as the petitioner contends.

Part III of the Revenue Act of 1932 is entitled "Credits Against Tax." It contains section 31, which provides that the amount of income taxes imposed by foreign countries shall be allowed as a credit against the tax to the extent provided in section 131. Supplement C is likewise entitled "Credits Against Tax" and includes section 131. Section 131 is made up of subsections lettered from (a) to (g), inclusive. (a) is entitled "Allowance of Credit" and provides that in the case of a domestic corporation the tax imposed by Title I of the Revenue Act of 1932 shall be credited with the amount of any income taxes "paid or accrued during the taxable year to any foreign country." The statute makes no provision for reducing foreign taxes paid with foreign money to American dollars for the purpose of the credit. However, the Board has held that the amount of the credit is determined by reducing actual payments by a petitioner in foreign money to American dollars at the rate of exchange prevailing at the time of the payments. *D. E. Brown*, 1 B. T. A. 446; *Mead Cycle Co.*, 10 B. T. A. 887.

Obviously, subsection (a), standing alone, would not allow the present taxpayer any credit, since this petitioner did not pay the taxes to the foreign country. The right of the present taxpayer to any credit whatsoever comes through subsection (f), which is entitled "Taxes of Foreign Subsidiary." It provides in part:

For the purposes of this section a domestic corporation which owns a majority of the voting stock of a foreign corporation from which it receives dividends (not deductible under section 23 (p)) in any taxable year shall be deemed to have paid the same proportion of any income * * * taxes paid by such foreign corporation to any foreign country * * * upon or with respect to the accumulated profits of such foreign corporation from which such dividends were paid, which the amount of such dividends bears to the amount of such accumulated profits * * *.

Note that (f) allows no credit but merely provides that the domestic parent shall be deemed to have paid the tax. It is (a) alone which allows credit for taxes paid.

The Commissioner concedes that under subsection (f) the petitioner shall be deemed to have paid a certain amount of taxes on the earnings of its foreign subsidiary for the years 1926 to 1932, inclusive, which were actually paid by the foreign subsidiary. He further concedes that by reason of those payments the petitioner is entitled to a credit of $59,389.17, computed by reducing the payment of the Canadian taxes in Canadian dollars to American dollars at the rate of exchange prevailing on March 16, 1933, the date of the declaration of the dividend. The argument of the petitioner is "the only date on which the taxpayer could have been deemed to have paid the foreign taxes is the date on which such foreign taxes became due and payable and the rate of foreign exchange as of that date is the date on which the rate of foreign exchange should be determined." This argument goes too far for the petitioner's own good. The stipulation of facts shows that only a small part of the taxes were paid in 1933 and most of the payments were made prior to 1933. The only allowance of credit is for "taxes paid or accrued during the taxable year to any foreign country." Subsection (a). Thus, if the domestic corporation is to be deemed to have paid the taxes at the same time that the taxes were actually paid by the foreign corporation, the petitioner would be entitled to credit for only a proper portion of the taxes actually paid during the taxable year 1933. The Commissioner is willing to read subsection (f) as requiring that the taxes be deemed to have been paid by the domestic corporation at the time of the declaration of the dividend. There certainly is nothing in the statute to justify the allowance to this petitioner of a larger credit than that computed by the Commissioner. Consequently, we hold for the Commissioner.

The apparent purpose of allowing credit for foreign taxes paid "was to mitigate the evil of double taxation." *Burnet* v. *Chicago Portrait Co.*, 285 U. S. 1. The domestic parent is being taxed only on the dividends received in the taxable year reduced to American dollars at the rate of exchange applicable on the date of the declaration. Prior to the declaration of that dividend neither the earnings nor the taxes of that foreign subsidiary had in any way affected the income

tax liability of the domestic corporation. There was never any occasion prior to that time to reduce the payment of foreign taxes to American dollars. If those payments are to be deemed to have been paid by the domestic corporation in the taxable year, it seems only reasonable and logical to reduce them to American dollars at some rate of exchange prevailing in the taxable year as opposed to rates of exchange prevailing at some prior times.

*Decision will be entered for the respondent.*